## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH BROWN  604 Albatross Lane  Brownsburg, IN 46112  vs.  NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)  60 Massachusetts Avenue  Washington, D.C. 20002 | :  :  :  :  :  :  :  :  :  :  : JURY TRIAL DEMANDED  :  : |

### COMPLAINT

1. The Plaintiff herein, Kenneth Brown is a citizen of the State of Indiana, residing at 604 Albatross Lane, Brownsburg, IN 46112.

2. Defendant, National Railroad Passenger Corporation. (hereinafter referred to as "Amtrak"), is a corporation duly organized and doing business in the District of Columbia with its principle place of business at the above address.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4. The defendant, Amtrak, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the District of Columbia, and other states of the United Stated.

5. The acts of omission and commission causing injuries to the Plaintiff were done

by the defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the defendant.

6. At all time material hereto, Plaintiff was employed by defendant railroad and was acting in the scope of his employment by the defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. All the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendants, their agents, servants, workmen and/or employees. The asserted injury event occurred in Amtrak Beech Grove Locomotive Facility (Diesel Shop) in Beech Grove, Indiana.

8. On October 15, 2015 while working within the scope of his employment in Indiana, as a Machinist, Plaintiff was injured due to unsafe and inadequate working conditions.

9. Plaintiff was walking in the diesel shop and he stepped in defect in the concrete floor and fell forward causing injury to his right shoulder, including a fracture, labral tears, and rotator cuff tears, and injury to his cervical spine at the C5-C6 level.

10. This injury was caused in whole or in part by the negligence, carelessness and recklessness of the defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which consisted of the following:

    a) in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

    b) in failing to comply with the safety rules and regulations of the defendant;

    c) in failing to comply with the operating rules and regulations of the defendant;

    d) negligence of the defendant's agents, servants, workmen and/or employees;

   e)  in failing to comply with the applicable government regulations;

   f)  in failing to take any effective action to reduce, modify or eliminate certain job duties, equipment and repetitive trauma to which plaintiff would be exposed;

   g)  in failing to periodically test employees such as the plaintiff for physical effects of repetitive trauma, and failing to take appropriate action, including advising the plaintiff as to the test results;

   h)  in failing to warn the plaintiff of the risk of repetitive trauma injuries as a result of the exposure to repetitive occupational trauma;

   i)  in providing the plaintiff, and those working around him, with equipment which the defendant knew or should have known caused repetitive trauma injuries as a result of exposure to repetitive occupational trauma;

   j)  in failing to make reasonable efforts to inspect or monitor the levels/amounts of repetitive trauma produced by the work duties/tasks which the plaintiff was required to perform for defendant; and,

   k)  in failing to provide the plaintiff with protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma.

  11.  As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered aggravation of existing conditions and cumulative micro traumas disorders/repetitive stress injuries as follows: bilateral shoulders.

  12.  As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been impeded in attending to his usual duties and occupations, all of which caused financial loss and all of which may and probably will continue in

the future.

13. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

14. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, the plaintiff, Kenneth Brown seeks a finding of negligence against Defendant and full and fair compensation that he suffered and suffers as a result of Defendant's negligence.

**KELLER & GOGGIN, P.C.**

By:  /s/James M. Duckworth
  James M. Duckworth, Esquire
  Attorney I.D. No. 033861998
  1528 Walnut Street, Suite 900
  Philadelphia, PA  19102
  (215) 735-8780